No. 92-617

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

v.

JOSEPH RAY RENTMEISTER,

       Defendant and Appellant.

FILED

SEP 16 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Joseph Ray Rentmeister, Pro Se,
              Black Eagle, Montana

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General,
              Micheal S. Wellenstein, Asst. Attorney General,
              Helena, Montana; Patrick L. Paul, Cascade
              County Attorney, Gene Allison, Deputy County
              Attorney, Great Falls, Montana

Submitted on Briefs:  June 17, 1993

Decided:  September 16, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Joseph Ray Rentmeister appeals an order of the Eighth Judicial District Court, Cascade County, finding him guilty of attempting to transport his oversized house trailer on a public highway.

We affirm.

Appellant raises two issues.

1. Did the District Court err in finding that § 61-10-102, MCA, was the controlling statute, as opposed to § 61-4-310, MCA, in regard to the transporting of appellant's house trailer?

2. Did the District Court err in finding that the officer issuing the citation had the authority to enforce the width requirement of § 61-10-102, MCA?

On November 26, 1991, Appellant was charged by complaint in Justice Court under § 61-10-102, MCA, with exceeding vehicle width requirements when attempting to transport his house trailer on a Great Falls city street. On May 1, 1992, the Justice Court found appellant guilty, fined him $50, and ordered that he pay $15 in costs. Appellant appealed the conviction to the Eighth Judicial District Court, which conducted a bench trial. On October 15, 1992, the District Court found appellant guilty and imposed the same penalties as did the Justice Court. On November 24, 1992, appellant filed notice of appeal to this Court.

I.

Did the District Court err in finding that § 61-10-102, MCA, was the controlling statute, as opposed to § 61-4-310, MCA, in regard to the transporting of appellant's house trailer?

2

Appellant does not deny that his vehicle exceeded the 102-inch maximum width mandated by § 61-10-102, MCA. Rather, he argues that the transportation of his house trailer is controlled by § 61-4-310, MCA. As required by § 61-4-310, MCA, appellant acquired a permit to make a single movement of his house trailer and paid a $5 movement fee. He argues that after purchasing the moving permit, he was authorized to transport the house trailer, regardless of the maximum width mandated in § 61-10-102, MCA. Appellant is mistaken. Section 61-4-310(1), MCA, provides:

> A vehicle, subject to license under this title, may be moved unladen upon the highways of this state from a point within the state to a point of destination. The county treasurer at the point of the origin of the movement shall issue a special permit therefor in lieu of fees required under 61-3-321 and part 2 of chapter 10 of this title, upon application presented to him in such form as shall be provided by the department and upon exhibiting to said county treasurer proof of ownership and evidence that the personal property taxes on such vehicle, if any are due thereon, have been paid and upon payment therefor of a fee of $5. Such permit shall not be in lieu of fees and permits required under 61-4-301 and 61-4-302.

Clearly, this section does not govern the width requirement for transportation of vehicles, such as house trailers. Instead, this section pertains to whether property taxes have been paid on a vehicle that will undergo a single movement.

The State is correct to assert that § 61-10-102, MCA, controls this case. Chapter 10, Title 61, governs the maximum dimensions, weights, and other characteristics of motor vehicles operating over Montana highways. Section 61-10-101, MCA. In particular, § 61-10-102(1), MCA, provides that "no vehicle, including a bus,

3

unloaded or with load, may have a total outside width in excess of 102 inches." According to the evidence, which appellant did not dispute, his house trailer measured 168 inches; clearly exceeding the 102-inch maximum. Appellant's solution to the problem would have been to apply for and receive a special permit pursuant to § 61-10-121, MCA, authorizing him to operate and move his house trailer which exceeded the maximum width allowable.

We hold that the District Court did not err when it found that § 61-10-102, MCA, was the controlling statute, as opposed to § 61-4-310, MCA, in regard to transportation of appellant's house trailer.

II.

Did the District Court err in finding that the officer issuing the citation had the authority to enforce the width requirement of § 61-10-102, MCA?

Appellant argues that the citing officer did not have the authority to enforce the width requirement of § 61-10-102, MCA, by writing him a ticket. Again, appellant is mistaken. Section 61-12-206, MCA, authorizes the Department of Transportation to enforce the width requirements of § 61-10-102, MCA, the controlling statute in this case. Section 61-12-206(1), MCA, provides in part that "[e]mployees appointed under 61-12-201 may make arrests for violations of the following statutory provisions only: (a) part 1, chapter 10, of this title . . . ." Section 61-10-102, MCA, is specifically included in this cross-reference. Thus, as occurred, the citing officer had the authority to arrest and deliver to

4

appellant a notice to appear before the nearest justice of the peace, and which described the nature of the offense. See § 61-12-208, MCA.

We hold that the District Court correctly found that the citing officer had the authority to enforce the width requirement of § 61-10-102, MCA.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5

September 16, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Joseph Ray Rentmeister
P.O. Box 46
Black Eagle, MT 59414

Hon. Joseph Mazurek, Attorney General
Micheal S. Wellenstein, Assistant
215 N. Sanders, Justice Bldg.
Helena, MT 59620

Patrick L. Paul, County Attorney
M. Gene Allison, Deputy
Cascade County Courthouse
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _Stark_
Deputy